UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COURTNEY GREEN,<br><br>                    Plaintiff,<br><br>          -against-<br><br>PARAMOUNT,<br><br>                    Defendant. | 1:23-CV-0535 (LTS)<br><br>ORDER OF DISMISSAL<br>AND TO SHOW CAUSE<br>UNDER 28 U.S.C. § 1651 |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Courtney Green, a citizen of Missouri, who is appearing *pro se*, filed this action invoking the court's diversity jurisdiction. She sues Paramount, which she alleges is a citizen of New York. Plaintiff seeks $175,000,000 in damages, as well as other relief. She describes her claims as "[d]efamation of [c]haracter, slander, malice, invasion of privacy through the disclosure of private facts and intrusion of solitude, theft of intellectual property and unfair business practices, electronic communications privacy act, stored communications privacy act, consumer privacy protection act, cyber security information sharing act, exploitation, racketeering etc." (ECF 2, at 2.) Plaintiff requests the issuance of subpoenas.

By order dated January 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action as frivolous, and directs Plaintiff to show cause by declaration why the Court should not bar Plaintiff from filing any new civil action in this court without prior permission of the court.

                              **STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that, between May 8, 2020, and the present, Paramount has been carrying out "non consensual monitoring and studying of [her] daily habits for ulterior motive[s]." (ECF 5.) She also alleges that Paramount employees have been "able to secretly obtain television information such as mode Upc and other codes to track and collect viewing data and manipulate and control viewing capabilities as well as limit viewing options on numerous occasions through the misuse of company resources." (*Id.*) Plaintiff further alleges that "[t]he Walt Disney Company [was] able to conceal the act of exploitation, defamation and facilitate the exchange of information to the masses for the purpose of malice and slander towards [her] therefore aiding in the act of racketing." (*Id.* at 6.) She states that Paramount "exploited/extorted an electronic breach in a television platform/portal to openly monitor, listen, surveil and attempt to converse with [her] through the use of the television device." (*Id.* at 9.)

As examples of the Paramount's alleged actions, Plaintiff asserts, among other examples, the following:

> [d]uring the CBS morning show between [May 8, 2020, and February 13, 2021,] and [the] hours of 6am-9am[,] anchors acknowledge that they could physically view [Plaintiff] while live on air in various ways such as acknowledging reactions

> to conversations and morning stories as well as making jokes and laughing at [Plaintiff] being seen and [her] . . . living situation[]; stating that [Plaintiff] was homeless. During this timeframe[,] [the] CBS morning staff mockingly joked about the ridicule being endured by . . . [P]laintiff[,] which turned out to be secretly organized malice, orchestrated by them and a group of associates. In one instance[,] the CBS Morning host jokingly showed a brief football clip of a team passing the football off laterally before being tackled as an example of what they were doing in real time as they all laughed while [Plaintiff] viewed. During this time[,] there were news stories hinting around things that [Plaintiff] was doing[,] for example[,] business endeavors [she] was pursuing at the time[,] such as a jewelry piece [she] was attempting to create via online[,] which led [her] to believe [her] online browsing was being monitored. . . . One morning[,] while viewing this happening[,] [she] stated out loud "Who do I talk to about this?" Anchors and hosts also conducted interviews and hosted virtual guest appearances where host and guest would make direct and indirect comments about [Plaintiff's] person while holding discussions; for example[,] in one instance with Tyler Perry[,] comments were made, one in which includ[ed] [Plaintiff] being referred to as a slave. . . .

(ECF 2, at 13.)

Plaintiff seeks $175,000,000 in damages, and asks the Court to "put[] in place hefty fines and . . . strict rules and laws against this specific misconduct and misuse of media platform[s] and electronic breach[es]." (*Id.* at 6.) She also asks the Court to order the Walt Disney Company "to incorporate into company policy and use agreements rules and regulations against this behavior [and] order . . . Paramount to disable or restrict the capabilities that make secret surveillance possible. . . ." (*Id.*) Plaintiff also seeks "a written and sign[ed] apology from [Paramount] and all of its parties involved." (*Id.*)

## DISCUSSION

The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks and citation omitted). A finding of factual frivolousness is warranted when the facts alleged are

3

"clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. The Court must not dismiss a complaint, however, simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33.

Granting the *pro se* complaint the liberal interpretation that it is due, the Court finds that there is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from her allegations and assertions. Plaintiff asserts, in a conclusory manner, that Paramount is surveilling and harassing her in her home, as well as collecting personal information about her, all via her television. These allegations do not support any of Plaintiff's claims because they are largely irrational or wholly incredible, and provide no facts suggesting that the television-surveillance actions of which she complains are even possible. *See id.* at 32-33; *Livingston*, 141 F.3d at 437. The Court must therefore dismiss this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## LITIGATION HISTORY

Plaintiff is no stranger to this court, and this is not the first time that she has brought these types of claims, only to have the Court not only dismiss them *sua sponte* as frivolous, but also to have the Court warn Plaintiff that her continued filing of vexatious or frivolous litigation in this court may result in the court issuing an order, under 28 U.S.C. § 1651(a), barring her from filing any new civil action in this court without the court's prior permission. *See Green v. NBC Universal Media LLC*, ECF 1:22-CV-0239, 13 (S.D.N.Y. Apr. 4, 2022), *appeal dismissed*, No. 22-722 (2d Cir. May 4, 2022); *Green v. Fox Corp.*, ECF 1:22-CV-0243, 19 (S.D.N.Y. Apr. 4. 2022), *appeal dismissed as frivolous*, No. 22-898 (2d Cir. Oct. 21, 2022); *Green v. ABC Entm't*

4

*Inc.*, ECF 1:22-CV-0376, 18 (S.D.N.Y. Apr. 4, 2022), *appeal dismissed as frivolous*, No. 22-899 (2d Cir. Oct. 21, 2022).

By filing this latest frivolous action, Plaintiff disregards the Court's previous warnings as to her continued filing of such actions in this court. Accordingly, the Court directs Plaintiff to show cause by declaration why the Court should not bar her from filing any further civil action in this court without first obtaining permission from this court to file a complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this Court, within 30 days of the date of this order, a written declaration setting forth good cause as to why the Court should not impose such a filing injunction on her. Should Plaintiff fail to submit a declaration within the time directed, or should Plaintiff's declaration fail to set forth good cause why the Court should not impose such a filing injunction, the Court will bar Plaintiff from filing any further civil action in this court without first obtaining permission from the court to do so.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court therefore denies Plaintiff's requests for the issuance of subpoenas. The Court also directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not bar Plaintiff from filing any further civil action in this court without first obtaining permission from the court to do so. A declaration form is attached to this order, which Plaintiff should complete as specified.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 23, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge