UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY GREEN,

               Plaintiff,

-against-

PARAMOUNT,

               Defendant.

1:23-CV-0535 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered on February 23, 2023, the Court dismissed this action as frivolous and directed Plaintiff, who proceeds *pro se*, to show cause by declaration, within 30 days of the date of that order, why the Court should not bar her from filing any further civil action in this court without first obtaining permission from the court do so. (ECF 8.)

      On February 27, 2023, Plaintiff filed a declaration in response to the Court's February 23, 2023, order. (ECF 9.) On March 2, 2023, Plaintiff filed a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, an application to appeal IFP, and an application for the Court to request *pro bono* counsel. (ECF 10.) Because the Court directed Plaintiff to show cause why the Court should not impose the abovementioned filing bar, and because Plaintiff filed a declaration in response that the Court has not yet considered, the Court has not entered judgment terminating this action.

      The Court construes Plaintiff's notice of appeal as an application to file an interlocutory appeal of the Court's February 23, 2023, order. For the reasons discussed below, the Court denies Plaintiff's motion for leave to proceed IFP on appeal, her application to appeal IFP, and her application for the Court to request *pro bono* counsel.

## DISCUSSION

**A.     Interlocutory appeal**

Because the Court, in its February 23, 2023, order, directed Plaintiff to show cause why the Court should not impose the abovementioned filing bar on her, that order is not final. *See Smith v. New Haven Superior Court*, 3:20-CV-00744, 2020 WL 4284565, at *3 (D. Conn. July 27, 2020) ("Here, Petitioner filed a notice of appeal from the Court's order to show cause, which is a non-final order. . . ."); *Mitchell v. City of New* York, No. 17-CV-6258, 2018 WL 10049545, at *1 (S.D.N.Y. Apr. 9, 2018) ("Plaintiff filed a notice of interlocutory appeal in response to an order directing him to show cause, by filing a declaration within sixty days of that order, why the action should not be dismissed as untimely. . . . Plaintiff is attempting to appeal from a nonfinal order."). Thus, any appeal from that order is interlocutory. *See* 28 U.S.C. § 1292; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529-30 (1988). The Court of Appeals may authorize an interlocutory appeal from an order not otherwise appealable in such a manner if an application for such an appeal is made within 10 days after entry of that order. *See* § 1292(b). The Court understands Plaintiff's notice of appeal to be an application to file an interlocutory appeal of the Court's February 23, 2023, order. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F. 3d 94, 97 (2d Cir. 2017) (construing a notice of appeal filed in the district court within the 10-day period to file an application for an interlocutory appeal to be a timely filed application to file an interlocutory appeal).

The Court's February 23, 2023, order was entered on the same date that it was issued, on February 23, 2023. (ECF 8.) Seven days later, on March 2, 2023, Plaintiff filed her notice of appeal, motion for leave to proceed IFP on appeal, application to appeal IFP, and application for the Court to request *pro bono* counsel. (ECF 10.) Thus, Plaintiff's notice of appeal, to the extent that it can be construed as an application to file an interlocutory appeal, is timely.

B.     **IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its February 23, 2023, order, the Court certified under Section 1915(a)(3) "that any appeal from [that] order would not be taken in good faith" (ECF 8, at 6), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's February 23, 2023, order would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal, and her application to appeal IFP, as moot.

C.     **Application for the Court to request *pro bono* counsel**

In its February 23, 2023, order, the Court dismissed this action. (ECF 8.) Accordingly, the Court denies Plaintiff's application for the Court to request *pro bono* counsel as moot.

## CONCLUSION

The Court regards Plaintiff's notice of appeal (ECF 10) as a timely filed application to file an interlocutory appeal. The Court denies Plaintiff's motion for leave to proceed IFP on appeal, application to appeal IFP, and application for the Court to request *pro bono* counsel as moot. (*Id.*)

SO ORDERED.

Dated:   April 5, 2023
         New York, New York

                                                         /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                         Chief United States District Judge