UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY GREEN,

                      Plaintiff,

          -against-

PARAMOUNT,

                      Defendant.

1:23-CV-0535 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated February 23, 2023, the Court dismissed this *pro se* action as frivolous. (ECF 8.) The Court also directed Plaintiff to show cause by declaration, within 30 days of the date of that order, why the Court should not bar Plaintiff from filing any further civil action in this court without first obtaining permission from the court to do so. (*Id.*) On February 27, 2023, Plaintiff filed a declaration in response to the Court's February 23, 2023 order. (ECF 9.) On March 2, 2023, Plaintiff filed a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, an application to appeal IFP, and an application for the Court to request *pro bono* counsel. (ECF 10.) By order dated April 5, 2023, the Court construed Plaintiff's notice of appeal as a timely filed application to file an interlocutory appeal of the Court's February 23, 2023 order, and the Court denied Plaintiff's motion for leave to proceed IFP on appeal, her application to appeal IFP, and her application for the Court to request *pro bono* counsel. (ECF 11.) On August 16, 2023, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous, and warned Plaintiff "that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a sanction that would require [her] to obtain permission from [that court] prior to filing any

further submissions in [that court] (a "leave-to-file" sanction)." *Green v. Paramount*, No. 23-279 (2d Cir. Aug. 16, 2023).

Plaintiff's arguments against the imposition of the abovementioned filing injunction by this Court that are contained in her declaration are insufficient. Accordingly, the Court will issue that filing injunction.

## CONCLUSION

The Court hereby bars Plaintiff from filing any further civil action in this court without first obtaining permission from the court to do so. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the court will dismiss that action for failure to comply with this order.

The Court warns Plaintiff that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action, pursuant to Court's February 23, 2023 order, and barring Plaintiff from filing any further civil action in this court without first obtaining permission from the court to do so, pursuant to this order.

SO ORDERED.

Dated:   November 6, 2023
        New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                            Chief United States District Judge